UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LARRY WAYNE WASHINGTON,     *CIVIL ACTION NO. 6:12-0082
BOOKER T. WASHINGTON, SR. SUCCESSION
HELEN-JONES-WASHINGTON SUCCESSION

VS.     *JUDGE DOHERTY

GWENDOLYN RILEY, GERALDINE     *MAGISTRATE JUDGE HILL
WASHINGTON-WILLIAMS, ET AL.

## REASONS FOR REMAND

The record reveals that Booker T. Washington, Sr. and his wife, Helen Jones Washington died in 1998 and 1999, respectively. Succession proceedings were commenced in the Thirteenth Judicial District Court for Evangeline Parish, Louisiana entitled "Succession of Booker T. Washington, Sr. and Helen Jones Washington", bearing docket number 11170-B, when, on October 21, 2008, Louisiana citizen, Larry W. Washington ("Washington"), son of the decedents, petitioned to be appointed administrator of the estates of his parents, Booker T. Washington, Sr. and Helen Jones Washington. [rec. doc. 6, pgs. 6-19]. Washington was appointed Administrator by Order dated October 22, 2008. [*Id*. at pg. 20].

Included in the Sworn Descriptive List of Assets filed by Washington were two tracts of immovable property allegedly belonging to the estates of the decedents. [*Id*. at pg. 16-18]. On March 30, 2009, Washington, in his capacity as administrator, sought authority to sell the immovable property to himself and his wife. [*Id*. at 26-27]. On

September 22, 2009, a hearing was held, at which time the trial court granted the administrator, Washington, the authority to sell the property. [*Id.* at 87 and 139-140].

The Louisiana Third Circuit Court of Appeal reversed, finding that two heirs, Nathaniel Riley, Jr. and Gwendolyn Riley, had not been properly served prior to the hearing. [*Id.* at 602].

Thereafter, a hearing was set for October 27, 2010 at which time the administrator presented evidence of service on all heirs, as well as evidence in support of his request for the sale of the estate property. [*Id.* at 3]. The other heirs did not appear, but were represented by a curator. [*Id.*]. The trial court again authorized the sale of the estate property to Washington and his wife for $33,900.00 by quitclaim deed in an "as is" condition, without warranty and subject to a reservation of oil, gas and other mineral rights to the heirs. [*Id.* at 791-792].

The heirs, including Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, appealed to the Louisiana Third Circuit Court of Appeal. By Judgment dated November 2, 2011, the Third Circuit affirmed the trial court's decision, thus allowing the sale of the estate property on the conditions set forth by the trial court.[1] [*Id.* at 1099-1110]. Rehearing was denied on December 14, 2011. [*Id.* at 1042]. Communication with the Louisiana Supreme Court reveals that no application for writs was filed.

---

[1] On September 22, 2011, the Louisiana Supreme Court denied the heirs' application for emergency writs and stay based on the Third Circuit's refusal to grant oral argument, and allow a Reply brief in excess of the page limits. [*Id.* at 1421-1427].

Accordingly, the trial court's judgment allowing the sale of the immovable estate property is now final.

On January 12, 2012, heirs Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, both citizens of California, removed the entire Succession to this Court, asserting diversity jurisdiction and various grounds for the exercise of this Court's federal question jurisdiction, including under 42 U.S.C. §1983, based on allegations that the sale of the estate property would be in violation of their Constitutional rights, as the basis for removal.[2] The remaining heirs adopted and joined in the removal. [rec. doc. 7]. It is undisputed that some of these heirs, including Reddex Washington, Sharon Washington-Lewis, Samuel Washington and Patricia Washington-Thomas, are citizens of Louisiana. [*See* rec. doc. 1, pg. 8].

*Removal and Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate, Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). Moreover, as a Court of limited jurisdiction, this Court is obligated to examine the basis of its own jurisdiction *sua sponte,* and, accordingly, remand any action where federal jurisdiction is lacking. *Broussard v. Multi-Chem Group, LLC,* 2012 WL 1492855, *1 (W.D. La. 2012) *citing Giannakos v. M/V Bravo Trader*, 762 F.2d

---

[2]The Notice of Removal is thirty-six pages in length, citing various statutes, constitutional provisions and jurisprudence, all of which center on the alleged unconstitutionality of the sale of the succession property authorized by the Louisiana state courts.

3

1295,1297 (5th Cir. 1985); *Mergist v. Multi-Chem Group, L.L.C.,* 2012 WL 1493750, *1 (W.D. La. 2012). *See also Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

This the undersigned has done in this case.

**Diversity Jurisdiction**

The removal statute for diversity cases provides in pertinent part:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id*. Similarly, in a case with multiple plaintiffs and multiple defendants complete diversity is required. *Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618.

In this case it is clear that complete diversity is lacking. The estate of Booker T. Washington, Sr. and Helen Jones Washington is the subject of a Louisiana succession

proceeding of which Louisiana citizen, Larry Wayne Washington, is administrator. Four of the complaining heirs, Reddex Washington, Sharon Washington-Lewis, Samuel Washington and Patricia Washington-Thomas, are likewise citizens of Louisiana. [*See* rec. doc. 1, pg. 8]. Thus complete diversity is lacking.

**Federal Question Jurisdiction**

Federal question jurisdiction is likewise lacking. The removal statute for federal question cases provides in pertinent part:

> . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. . . .

28 U.S.C. § 1441(a).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of whether an action "arises under" the laws of the United States and accordingly is properly removed to federal court on the basis of federal question jurisdiction is made pursuant to the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

Under that doctrine, "federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." Id. quoting *Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)

(emphasis added). In other words, jurisdiction exists only if the plaintiff's statement of his own cause of action demonstrates that claim is based on federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

In this case, the removing heirs assert federal question jurisdiction, not on the basis of the administrator's pleadings in Louisiana state court, which seek only the administration of the estate of Booker T. Washington, Sr. and Helen Jones Washington, both of whom died intestate in Louisiana. Rather, they attempt to manufacture federal jurisdiction over the entire succession proceeding based on their allegations in the Notice of Removal, none of which have been asserted, nor could have been asserted, either expressly or impliedly, by the administrator in the underlying succession proceeding.

Furthermore, this Court is without jurisdiction to administer the entire succession proceeding, or take control over, or dispose of, the succession property. The United States Supreme Court has held that "a federal court has no jurisdiction to probate a will or administer an estate", nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court . . . ." *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298 (1946). That is exactly what the removing heirs seek to do in this Court.

Finally, it is clear that the removing heirs seek to challenge and overturn the state Court's final judgment allowing the sale of the succession property. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to undertake such review. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *Pease v. First National Bank*, 335 Fed. Appx. 412, 415 (5th Cir. 2009)[3] *citing D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Stated differently, the *Rooker-Feldman* doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights". *Id. citing Johnson*, 512 U.S. at 1005-1006. The Supreme Court recently reaffirmed that a federal court has no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id. citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

---

[3]In *Pease*, the Fifth Circuit affirmed, on *Rooker-Feldman* grounds, dismissal a § 1983 action challenging a state court's disposition in a foreclosure proceeding, wherein the plaintiff alleged that the state court action was in violation of his Fourth and Fourteenth Amendment Constitutional rights.

For the reason set forth above, this succession proceeding will be remanded to the state court, subject to the stay set forth in the accompanying order.

Signed this 18th day of June, 2012 at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE