RECEIVED

JAN 2 4 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LARRY WAYNE WASHINGTON, BOOKER T. WASHINGTON, SR. SUCCESSION HELEN-JONES-WASHINGTON SUCCESSION | CIVIL ACTION NO. 6:12-0082 |
| VERSUS | JUDGE DOHERTY |
| GWENDOLYN RILEY, GERALDINE WASHINGTON-WILLIAMS, ET AL. | MAGISTRATE JUDGE HILL |

### RULING & ORDER

Currently pending before the Court is defendants' "Motion to Stay Any and All Proceedings, to Include but not Limited to, Remand, Orders & Judgments Given that this Matter is on Appellate Review Before the United States Court of Appeals, Fifth Circuit as to Petition for Panel Rehearing & Petition for En Banc Rehearing and as well as the United States Supreme Court Pending Writ of Certiorari." [Doc. 44] For the following reasons, the motion is DENIED.

On June 18, 2012, Magistrate Judge Hill *sua sponte* examined subject matter jurisdiction over this matter and, determining jurisdiction was absent, issued an order remanding this case to the 13th Judicial District Court, Parish of Evangeline, for the State of Louisiana. Notably, the Order of Remand stated, in pertinent part:

> This Order shall by **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

[Doc. 22 (emphasis in original)] Rather than appealing the Magistrate Judge's Order to this Court as instructed in the Order of Remand, instead, two days after issuance of the Remand Order, defendants filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. [Doc. 25]

On November 6, 2012, the Fifth Circuit dismissed the appeal for lack of jurisdiction, stating "Appellate courts do not have authority to review orders of the magistrate judge directly unless the parties have consented to have the magistrate judge preside over the case and enter judgment." [Doc. 37, pp.1-2] The Fifth Circuit additionally noted, "Lacking consent, the magistrate judge's rulings are reviewable only by appeal to the district court." [Id. at 2] On November 7, 2012, the Fifth Circuit issued its mandate. [Id. at 3]

Thus, despite guidance from the Magistrate Judge, as well as the Fifth Circuit, defendants never lodged an appeal with this Court, and on January 9, 2013, this matter was remanded to the 13th Judicial District Court, Parish of Evangeline, for the State of Louisiana. [Doc. 41] Now, defendants move this Court to "stay proceedings until the *United States Court of Appeals, Fifth Circuit* issue [sic] a ruling as to the *Petition for Panel Rehearing & Petition for En Banc Rehearing* and the *United States Supreme Court* ruling as to the *Writ of Certiorari*."[1] [Id. at 3 (emphasis in original)] However, defendants have presented no case law in support of their implied assertion that this Court has the power to grant the relief requested. Essentially, defendants seek to "stay" that which has already occurred. Doing so would require this Court to issue an injunction prohibiting the state court from proceeding with this case. Defendants have failed to show such action by this Court would be

---

[1] It appears defendants have not yet filed a writ with the United States Supreme Court, but "intend" to do so "within the time limit allowed by law." [Doc. 44, pp. 6, 11]

proper, or that this Court even has such authority.

The Court additionally notes, defendants appear (although not abundantly clear) to base their right to relief upon Fed.R.Civ.P. 62. [Doc. 25, p.2] However, as stated by the Fifth Circuit:

> The stay provisions of Rule 62 pertain to judgments for money.
>
> . . . . A remand of an ongoing case is not a final judgment following a full adjudication of a claim, the result of which may be appealed. Even if the subject matter of the underlying litigation is solely money damages, there is no 'money judgment' inherent in its remand. Accordingly, there is no basis in Rule 62 for such a stay.
>
> Further, Rule 62 itself provides no authority to revoke a remand once it has become effective.

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001)(citations omitted).

In light of the foregoing, the Motion for Stay [Doc. 44] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 24 day of January, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE